FILED
Jeffrey A. Apperson, Clerk

NOV 17 2006

U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:05CR-97-H

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | |
| CHARLES CROSS | DEFENDANT |

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY**:

Now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove

his innocence or produce any evidence at all.  The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court.  You may consider only the evidence that I have admitted in this case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Circumstantial evidence is

simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

You have heard the testimony of several expert witnesses over the course of this trial. An expert witness has special knowledge or experience that allows the witness to give an opinion. You do not have to accept an expert's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of the defendant or the United States; they merely give testimony which you should consider. Concentrate on that, not the numbers.

A defendant has an absolute right not to testify. A defendant need not prove anything. Therefore, the fact that a defendant did not testify or did not call any witnesses cannot be considered by you in any way during your deliberations.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges four (4) separate offenses called "counts." The

number of charges is not evidence of guilt, and this should not influence your decision in any way. The defendant is on trial only for the particular crimes charged in the indictment. It is your duty to consider separately the evidence that relates to each charge, and to return a separate verdict for each charge. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 1

Count 1 of the Indictment accuses the defendant of robbing the Members First Federal Credit Union on December 28, 2004, in violation of federal law. Title 18, United States Code, Section 2113(a) makes it a crime to take or attempt to take from the person or presence of another, by force and violence or by intimidation, any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of a credit union. Members First Federal Credit Union is a credit union under federal law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant took or attempted to take any property or money or any other thing of value from the person or presence of another;

2. That the defendant used force and violence or intimidation.; and

3. That the property or money or any other thing of value belonged to, or was in the care, custody, control, management or possession of the Members First Federal Credit Union.

If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge. Record your verdict under Question 1 of the Verdict Form.

# INSTRUCTION NO. 2
## SPECIAL INTERROGATORY COUNT 1

If you find the defendant "Guilty" under Instruction No. 1, you must also decide if the defendant put in jeopardy the life of any person by the use of a dangerous weapon during the course of that robbery. For purposes of this instruction, a firearm is a dangerous weapon. Record your answer to this question under Question 2 of the Verdict Form.

## INSTRUCTION NO. 3

Count 2 of the Indictment charges the defendant with violating federal law by using or carrying a firearm during and in relation to a crime of violence on or about December 28, 2004. Title 18, United States Code, Section 924(c) makes it a crime to use or carry a firearm during and in relation to a crime of violence which may be prosecuted in a court of the United States.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant committed the crime charged in Count 1. Robbery of a credit union is a crime which may be prosecuted in a court of the United States;

2. That the defendant knowingly used or carried a firearm;

3. That the use or carrying of the firearm was during and in relation to the crime charged in Count 1.

To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in Count 1. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Count 1. "Use requires more than mere possession or storage.

"Carrying" a firearm includes carrying it on or about one's person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes

the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device. The term firearm includes starter guns. The firearm need not be loaded.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge. Record your verdict under Question 3 of the Verdict Form.

# INSTRUCTION NO. 4

Count 3 of the Indictment accuses the defendant of robbing the Fifth Third Bank on May 11, 2005, in violation of federal law. Title 18, United States Code, Section 2113(a) makes it a crime to take or attempt to take from the person or presence of another, by force and violence or by intimidation, any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of a bank. Fifth Third Bank is a bank under federal law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant took or attempted to take any property or money or any other thing of value from the person or presence of another;

2. That the defendant used force and violence or intimidation.; and

3. That the property or money or any other thing of value belonged to, or was in the care, custody, control, management or possession of Fifth Third Bank.

If you are convinced that the government has proved all these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge. Record your verdict under Question 4 of the Verdict Form.

# INSTRUCTION NO. 5
## SPECIAL INTERROGATORY COUNT 3

If you find the defendant "Guilty" under Instruction No. 4, you must also decide if the defendant put in jeopardy the life of any person by the use of a dangerous weapon during the course of that robbery. For purposes of this instruction, a firearm is a dangerous weapon. Record your answer to this question under Question 5 of the Verdict Form.

## INSTRUCTION NO. 6

Count 4 of the Indictment charges the defendant with violating federal law by using or carrying a firearm during and in relation to a crime of violence on or about May 11, 2005. Title 18, United States Code, Section 924(c) makes it a crime to use or carry a firearm during and in relation to a crime of violence which may be prosecuted in a court of the United States.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the defendant committed the crime charged in Count 3. Robbery of a bank is a crime which may be prosecuted in a court of the United States;
2. That the defendant knowingly used or carried a firearm;
3. That the use or carrying of the firearm was during and in relation to the crime charged in Count 3.

To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in Count 3. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Count 3. "Use requires more than mere possession or storage.

"Carrying" a firearm includes carrying it on or about one's person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes

the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device. The term firearm includes starter guns. The firearm need not be loaded.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 3; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 3, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge. Record your verdict under Question 6 of the Verdict Form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CRIMINAL ACTION NO. 3:05CR-97-H**

UNITED STATES OF AMERICA            PLAINTIFF

V.

CHARLES CROSS            DEFENDANT

**VERDICT FORM**

We, the jury, find the defendant CHARLES CROSS, as to:

**Question 1 (Count 1):** GUILTY \_\_\_\_\_ NOT GUILTY \_\_\_\_\_

**Question 2:**          Yes \_\_\_\_\_ No \_\_\_\_\_

**Question 3 (Count 2):** GUILTY \_\_\_\_\_ NOT GUILTY \_\_\_\_\_

**Question 4 (Count 3):** GUILTY \_\_\_\_\_ NOT GUILTY \_\_\_\_\_

**Question 5:**          Yes \_\_\_\_\_ No \_\_\_\_\_

**Question 6 (Count 4):** GUILTY \_\_\_\_\_ NOT GUILTY \_\_\_\_\_

Date: _____            _____
                                                                 FOREPERSON